IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY REYNA, | Case No. 26-cv-06168-CRB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |
| OPENAI OPCO, LLC, | |
| Defendant. | |

Plaintiff Joseph Reyna, proceeding pro se, brings this action against OpenAI OPCO, LLC ("OpenAI") stemming from the deactivation of his Chat GPT Plus account. Compl. (dkt. 1). He also filed for a temporary restraining order ("TRO") to, among other things, stop OpenAI from deleting his account data, which includes intellectual property and whistleblower documentation.[1] Mot. (dkt. 3). The Court **DENIES** Reyna's motion. His motion fails to satisfy the high threshold required for a TRO.

A TRO is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689 (2008). A party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The "[l]ikelihood of success on the merits 'is the most important Winter factor.'" Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015)). A district court should enter a TRO only "upon a clear showing that the

---

[1] While Reyna has filed a separate motion, his arguments in support of a TRO are included in his complaint. See Compl.

United States District Court
Northern District of California

plaintiff is entitled to such relief." Winter, 555 U.S. at 21.

Reyna's motion fails at the gate. He does not justify why this must be ex parte and does not sufficiently address the Winter factors.

For starters, Reyna's motion is procedurally inappropriate. Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without notice to the adverse party in limited circumstances where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(B). In cases where notice could have been given to the adverse party, courts have recognized "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (internal quotation omitted). Applicants must do more than assert "that the adverse party would dispose of evidence if given notice." Id. (citation modified). They must show that the defendant would have "disregarded a direct court order" and support the assertion by showing they have "a history of disposing of evidence or violating court orders." Id. (citation modified).

Reyna has not made such a showing. In his ex parte certification, he says he did not give prior notice because OpenAI may destroy his data after it was served with notice. Compl. ¶ 115. That justification does not meet the standard articulated in McCord— indeed, McCord explains that such reasoning would be insufficient.

Reyna also fails to meaningfully discuss the Winter factors and explain why they warrant extraordinary relief. For example, in a single sentence for the likelihood of success on the merits, Reyna merely points to the allegations in his complaint and certain exhibits, such as OpenAI's terms of use. See Compl. ¶ 116. There is also reason to doubt that Reyna would suffer irreparable harm absent a TRO. He simultaneously asserts that OpenAI has already destroyed the data he seeks to protect, in which case there is nothing

to enjoin, while also stating that he still "retains copies of key exhibits," meaning there may not be any actual harm.  Mot. at 3; see also Compl. ¶ 116.

For the foregoing reasons, the Court **DENIES** Reyna's motion for a TRO.  The Court notes, however, that if OpenAI has engaged in any spoliation despite Reyna's communications, then it may be subject to sanctions.  Katzman v. Los Angles Cnty. Metro. Transportation Auth., 2015 WL 13861765, at *9 (N.D. Cal. Mar. 26, 2015) ("Evidence of spoliation may be grounds for sanctions, including an adverse inference instruction.").

**IT IS SO ORDERED.**

Dated: June 23, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

3