United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY REYNA,
Plaintiff,

v.

OPENAI OPCO, LLC,
Defendant.

Case No. 26-cv-06168-CRB

**ORDER GRANTING ADMINISTRATIVE MOTION FOR ECF ACCESS**

Pro se Plaintiff Joseph Anthony Reyna moved for permission to file electronically in this case. Mot. (dkt. 17). "After filing case-initiating documents, pro se parties may . . . register for ECF and file subsequent documents in the same case electronically." Civil L.R. 5-1(b). The court's e-filing self-registration instructions clarify that pro se litigants can register and file electronically "without first obtaining a judge's permission." <u>E-Filing Self-Registration Instructions for Pro Se Litigants</u>, U.S. Dist. Ct. N.D. Cal., https://perma.cc/77B2-9457 (last visited Nov. 6, 2026). Litigants with pre-existing accounts can contact the ECF Help Desk at ECFHelpDesk@cand.uscourts.gov to link their accounts to new matters if needed. <u>Id.</u> Plaintiff filed this motion out of an abundance of caution because prior court guidance directed pro se litigants to seek the court's leave for e-filling privileges. <u>See</u> Mot. at 1. Plaintiff already has a PACER account and ECF registration in the District. <u>Id.</u> at 2. In subsequent communications with the Courtroom Deputy, however, Plaintiff has represented that his PACER account access has been "suspended for an unpaid balance" and he is currently unable to access the docket.

To facilitate Plaintiff's ability to access the docket and e-file documents, the Court

United States District Court
Northern District of California

hereby ORDERS:

- Plaintiff is permitted to access his PACER account during the duration of this litigation, so that he can monitor the docket and file electronically. Plaintiff is directed to present a copy of this Order to PACER administrators, support staff, or another appropriate contact, and they shall, to the best of their abilities, facilitate his access to his account for the duration of this case.
- Plaintiff has not moved for a waiver of his PACER fees. Such waivers are rarely granted, even for pro se litigants. See Summers v. Wash. State Dep't of Corr., No. 26-cv-01034-JHC, 2026 WL 2838794, at *1 (W.D. Wash. Sept. 22, 2026). And the PACER fee scale entitles Plaintiff to one free copy of every matter filed in this case. See Mintz v. Ne. Mut. Life Ins. Co., No. 24-cv-05494-MRA-MMA, 2025 WL 1108230, at *1 (C.D. Cal. Mar. 24, 2025) (citing Electronic Public Access Fee Schedule, U.S. Cts. (Dec. 31, 2019), https://perma.cc/8SHB-HF6H). However, if Plaintiff's ability to pay PACER fees becomes an issue during this litigation, Plaintiff is free to move for a waiver of fees, and the Court will assess the matter at that time.
- Plaintiff is permitted to file documents in this case electronically. Plaintiff is directed to contact the ECF Help Desk at ECFHelpDesk@cand.uscourts.gov for help linking his pre-existing PACER and ECF accounts to this matter, once his access to PACER is restored.
- The Plaintiff is directed that, as soon as he links his PACER and ECF accounts to this matter, all further written communications with the Court should be placed in writing and filed on the docket, unless otherwise directed.

**IT IS SO ORDERED.**

Dated: November 6, 2026

CHARLES R. BREYER
United States District Judge